UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Liberty Mutual Insurance Company,                CV-07-715
                                                 (CPS)(SMG)
                          Plaintiff,

      - against -                                MEMORANDUM
                                                 OPINION AND
First Brighton Transportation Management, Inc.,  ORDER
Boris Kurbatsky Insurance Brokerage Corp.,
Boris Kurbatsky, Big A Brokerage Corp.,
Aleksandr Savranskiy, and Edward Sorin,

                          Defendants.

----------------------------------------X

SIFTON, Senior Judge.

        Plaintiff Liberty Mutual Insurance Company ("Liberty

Mutual") commenced this action against defendants First Brighton

Transportation Management, Inc. ("First Brighton"), Boris

Kurbatsky Insurance Brokerage Corp. ("BKI"), Boris Kurbatsky

("Kurbatsky"), Big A Brokerage Corp. ("Big A"), Aleksandr

Savranskiy ("Savranskiy"), and Edward Sorin ("Sorin"), alleging

that the defendants misrepresented material facts in their

application for insurance coverage, thereby causing plaintiff to

charge lower premiums.  Presently before the Court are

plaintiff's objection to the Magistrate Judge's December 7, 2007,

Report and Recommendation ("Report and Recommendation") and

plaintiff's motion for leave to amend the complaint.  For the

reasons set forth below, I adopt in part and modify in part the

Report and Recommendation and grant plaintiff's motion for leave

to amend the complaint.

**Background**

The following facts are drawn from plaintiff's complaint and submissions in support of its motion for default judgment and damages.

Plaintiff Liberty Mutual is a Massachusetts insurance company authorized to issue insurance policies in New York State. Complaint ¶ 2. Defendant First Brighton is a New York corporation providing for-hire motor vehicles. *Id.* ¶ 3. Defendant Sorin is the President of First Brighton. *Id.* ¶ 8.

BKI, a New York corporation, and Kurbatsky are insurance brokers representing public automobile transportation companies in the New York metropolitan area, including First Brighton. *Id.* ¶¶ 4,5.

Big A, a New York corporation, and Savranskiy are insurance brokers representing public automobile transportation companies in the New York metropolitan area. *Id.* ¶¶ 6,7. Big A and Savranskiy began representing First Brighton after BKI transferred the policy to them. *Id.* ¶ 60.

The New York Automobile Insurance Plan ("Plan") was established pursuant to New York Insurance Law § 5301 *et seq.* in order to provide insurance coverage to high risk individuals and businesses unable to procure coverage through the voluntary market. *Id.* ¶¶ 12-13. The plan provides for coverage of public transportation vehicles, including taxis, limousines, school,

church, and urban buses, and other similar vehicles. *Id.* ¶¶ 14-15. BKI, Kurbatsky, Savranskiy, and Big A are insurance brokers approved by the Plan. Plaintiff's Memorandum of Law, p.2.

In order to obtain coverage through the Plan, brokers and applicants must complete an application. *Id.* ¶¶ 17, 35. By signing an application, brokers and applicants attest to the truth of the statements in the application. *Id.* ¶¶ 36-37. Once an application is completed, the Plan assigns the applicant to an insurance company that is a servicing carrier for the Plan. *Id.* ¶¶ 18-19. Liberty Mutual is a servicing carrier for the Plan and must, with limited exceptions, issue policies to applicants seeking coverage through the Plan. *Id.* ¶ 20.

On January 3, 2002, BKI submitted an application on behalf of First Brighton. *Id.* ¶¶ 42-43. BKI and First Brighton attested that First Brighton had one vehicle, a school bus, that was operated in New City. *Id.* ¶¶ 45-47. Liberty Mutual was assigned First Brighton's application and issued automobile insurance to First Brighton. *Id.* ¶ 44. First Brighton's premium was calculated based on the information provided in the application. *Id.* ¶ 50.

After the issuance of the policy, Big A became Brighton's broker. *Id.* ¶ 60. Big A and Savranskiy failed to inform Liberty Mutual that the information in the application was false or correct the information. *Id.* ¶¶ 60-61; Affidavit of Perola

Andersson ¶ 21. Thereafter, Liberty Mutual learned that First
Brighton in fact was operating a for-hire car service in
Brooklyn, New York, thereby requiring a premium adjustment.
*Id.* ¶ 55. Liberty Mutual calculated the additional premium due
as $149,387 and invoiced First Brighton for that amount. *Id.* ¶¶
56-57.

Plaintiff filed the complaint herein on February 21, 2007.
On March 9, 2007, Kurbatsky filed an answer to the complaint.
None of the other defendants have appeared in this action. On
June 19, 2007, Kurbatsky appeared for an initial conference
before Magistrate Judge Gold and informed the Court that he did
not intend to defend the case and would consent to the entry of a
default judgment.

On July 6, 2007, the Clerk noted the default of defendants
Savranskiy, Big A, Sorin, and First Brighton pursuant to Rule
55(a) of the Federal Rules of Civil Procedure. No default was
entered against Kurbatsky. The matter was thereafter referred to
Magistrate Judge Gold for a report and recommendation. On
September 17, 2007, the Clerk noted the default of defendant BKI.

On December 7, 2007, Magistrate Judge Gold issued a Report
and Recommendation, recommending that defendants First Brighton
and BKI be adjudged liable for negligent and intentional
misrepresentation, and that the claims against defendants
Kurbatsky, Big A, Savranskiy, and Sorin be dismissed.

On December 21, 2007, plaintiff filed a letter objecting to the Report and Recommendation and requested leave to file an amended complaint against defendants.

**Discussion**

As an initial matter, I adopt the portion of the Report and Recommendation to which there are no objections and for the reasons stated therein, and direct that a judgment be entered against them, jointly and severally, in the amount of $149,387.00 with prejudgment interest at the rate of 9% per annum from April 1, 2004. Since plaintiff has failed to show, as required by Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, entry of judgment is staying pending disposition of the other claims in this action. *See* Fed. R. Civ. P. 54(b).

Plaintiff objects to Magistrate Judge Gold's recommendation that the claims against defendants Kurbatsky, Big A, Savranskiy, and Sorin be dismissed and requests leave to amend the pleadings against those defendants.

Federal Rule of Civil Procedure 72 provides that when ruling on an objection to a Magistrate Judge's report and recommendation, which is dispositive of a case,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  Accordingly, I review the Magistrate
Judge's Report and Recommendation de novo.

A defendant's default is an admission of all well-pleaded
allegations of liability.  Nonetheless, a district court must
"determine whether the allegations state a claim upon which
relief may be granted." *Liberty Mutual Insurance Company v.*
*Palace Car Services*, No. 06-CV-4881, 2007 WL 2287902, at *1
(E.D.N.Y. 2007).

*Intentional Misrepresentation*

Under New York law, a fraud claim consists of five elements:
1) a representation of material fact; 2) that was false; 3)
scienter; 4) reliance by the plaintiff; and 5) injury.[1]  *See*
*Vermeer Owners, Inc. v. Guterman*, 78 N.Y.2d 1114, 1116 (1991).
There are heightened pleading standards where fraud is concerned,
as Rule 9(b) of the Federal Rules of Civil Procedure requires
that the circumstances constituting fraud or mistake shall be
stated with particularity. Fed. R. Civ. P. 9(b).  However,
"[m]alice, intent, knowledge, and other conditions of mind of a
person's mind may be alleged generally." *Id.*

Fraud allegations in a complaint therefore must: "(1)
specify the statements that the plaintiff contends were

---

[1] A claim for intentional misrepresentation is the equivalent of a fraud cause of action under New York Law. *Chen v. U.S.*, 854 F.2d 622, 628 (2d Cir. 1988).

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Although the scienter requirement need not be plead with particularity, "[i]n order to avoid abuse ... plaintiffs are required to allege facts that give rise to a strong inference of fraudulent intent." *Campaniello Imports, Ltd. v. Saporiti Italia S.P.A.*, 117 F.3d 655, 663 (2d Cir. 1997)(internal quotation marks and citations omitted). The requisite "strong inference" of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Shields*, 25 F.3d at 1128.

Plaintiff has not alleged any facts to support its claim that defendants Kurbatsky, Big A, Sorin, and Savranskiy were responsible for making fraudulent statements upon which plaintiff relied. Plaintiff's allegations are conclusory and, for the most part, fail to distinguish between defendants. *See, e.g.,* Complaint ¶85 ("Defendants intentionally and materially misrepresented the true nature of First Brighton's business operations, in the Application and endorsement requests.")

With regards to defendant Big A, plaintiff alleges that Big A created false transportation services for purposes of obtaining

coverage under the Plan and submitted an application with false information, but fails to plead facts to support a strong inference of fraudulent intent.  Plaintiff does not explain how it would be possible for Big A to submit an application with false information on behalf of First Brighton when Big A did not become First Brighton's broker until after the policy had been issued.  Nor do plaintiff's pleadings explain why Big A or Savranskiy would have been aware of the false information in the application since they did not represent First Brighton at the time of filing.

With respect to defendants Sorin and Kurbatsky, plaintiff has alleged no facts that permit an inference that either defendant was personally responsible for the applications submitted.  Although corporate officers may be held liable for intentional misrepresentation for acts in which they participated or had actual knowledge about, *see Cohen v. Koenig,* 25 F.3d 1168, 1173 (2d Cir. 2004), plaintiff has not alleged any facts to support a determination that Kurbatsky or Sorin participated or were aware of the contents of the application.  Accordingly, plaintiff's claim of intentional misrepresentation against defendants Big A, Kurbatsky, Sorin, and Savranskiy should be dismissed.

*Negligent Misrepresentation*

Under New York law, a cause of action for negligent

misrepresentation, which has produced only economic injury, "requires that the underlying relationship between the parties be one of contract or the bond between them so close as to be the functional equivalent of contractual privity." *Ossining Union Free Sch. Dist. v. Anderson*, 73 N.Y.2d 417, 419 (1989).

The New York Court of Appeals has articulated several methods by which to determine whether a defendant owed a duty of care to a third party such that the "functional equivalent of contractual privity" exists. One test would find such a duty when reliance by the plaintiff was "the end and aim of the transaction." *Ossining*, 73 N.Y.2d at 425 (quoting *Glanzer v. Shepard*, 233 N.Y. 236, 238-39(1922)). More recently, the New York Court of Appeals has stated a relationship sufficiently approaching privity requires "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance." *Parrot v. Coopers & Lybrand, LLP*, 95 N.Y.2d 479, 484(2000) (citations omitted).

Insurance brokers, under the Plan, may be liable to insurance carriers where the Application submitted to the plan contains false or misleading information. *See Liberty Mutual Ins. Co. v. Grand Trans.*, No. 06-CV-3433, 2007 WL 764542, at *6-7

(E.D.N.Y. 2007)(Plan does not preclude a misrepresentation cause of action by an insurer against a broker or insured and plaintiff's allegations establish functional privity between plaintiff and defendant broker).

However, Liberty Mutual's pleadings fail to support a finding that Kurbatsky, Big A, or Savranskiy were responsible for the information provided on the application.  Plaintiff's allegations fail to distinguish between defendants and do not provide any facts that support the conclusion that Kurbatsky, Sorin, Savranskiy, or Big A made or were aware of the negligent misrepresentation.  Accordingly, Liberty Mutual has failed to plead a claim for negligent misrepresentation against defendants Kurbatsky, Big A, and Savranskiy.

*Leave to File Amended Complaint*

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The decision whether to permit or disallow amendment of a pleading is within the district court's discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330(1971).  A district court's refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." *Rachman Bag Co. v. Liberty Mutual Insurance*, 46 F.3d 230, 234 (2d Cir.

1995)(quoting *Foman v. Davis,* 371 U.S. 178, 182(1962)).  "[A]
motion to amend should be denied if there is an 'apparent or
declared reason-such as undue delay, bad faith or dilatory motive
..., repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party by
virtue of the allowance of the amendment, [or] futility of
amendment.'" *Dluhos v. Floating and Abandoned Vessel, Known as
'New York"*, 162 F.3d 63, 69(2d Cir. 1998)(quoting *Foman*, 371 U.S.
at 182).  "Mere delay, however, absent a showing of bad faith or
undue prejudice, does not provide a basis for a district court to
deny the right to amend." *State Teachers Retirement Bd. v. Fluor
Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)(citing *Howey v. United
States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973); *Middle Atlantic
Utilities Co. v. S.M.W. Development Co.*, 392 F.2d 380, 384 (2d
Cir. 1968)).

Plaintiff seeks leave to amend its complaint based on
additional facts learned about the defendants subsequent to the
filing of the original complaint.  Plaintiff does not state when
it learned of the additional facts.  Nor does plaintiff explain
the nature of the new facts learned, other than to state that
amending the pleadings to include these facts will support a
finding of liability against the remaining defendants.

I do not find that plaintiff acted in bad faith by waiting
until December 2007 to request leave to amend its pleadings.  The

-12-

timing of plaintiff's request is reasonable since its motions for
entry of default judgment were granted in July and September
2007, while the recommendation of vacatur and dismissal was only
made in December 2007.  I do not find any prejudice to the
defendants because the Clerk has already made entries of default
against defendants Big A, Savranskiy, and Sorin, and defendant
Kurbatsky has stated in open court that he would consent to
default judgment.  Furthermore, new facts, if properly pled, may
support plaintiff's claims against the remaining defendants.  *See*
*Oliver Schools, Inc. V. Foley*, 930 F.2d 248, 253 (2d Cir.
1991)("Where the possibility exists that the defect can be cured
and there is no prejudice to the defendant, leave to amend at
least once should normally be granted as a matter of course").
Accordingly, plaintiff's motion for leave to amend its complaint
is granted.

## Conclusion

For the foregoing reasons, I adopt in part and modify in
part the Report and Recommendation.  The Clerk is directed to
enter judgment in favor of plaintiff and against defendants First
Brighton Transportation Management, Inc. and Boris Kurbatsky
Insurance Brokerage Corp., jointly and severally, in the amount
of $149.387.00, with prejudgment interest at the rate of 9% per
annum from April 1, 2004.  Entry of judgment, however, is stayed
pending disposition of the remaining claims in this action.  The

Clerk is ordered to vacate the default judgments against defendants Big A Brokerage Corp., Aleksandr Savranskiy and Edward Sorin.  Plaintiff shall serve and file an amended complaint within 30 days of this order.  The Clerk is directed to transmit a copy of the within to all parties and Magistrate Judge Gold.

SO ORDERED.

Dated :   Brooklyn, New York
          April 16, 2008


                    By:  /s/ Charles P. Sifton (electronically signed)
                         United States District Judge